

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| ROBERT J. PHIPPS, § | |
| Petitioner, § | |
| § | |
| vs. § | |
| § | Civil Action No. 9:21-03739-MGL |
| BRIAN KENDALL, *Warden*, § | |
| Respondent. § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner Robert J. Phipps (Phipps), proceeding pro se, filed a petition for a writ of habeas corpus, under 28 U.S.C. § 2254, against Respondent Brian Kendall (Kendall).

This matter is before the Court for review of the Report and Recommendation of the United States Magistrate Judge recommending the Court grant Kendall's motion for summary judgment and dismiss Phipps's petition with prejudice (Report). The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct

the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In this case, the Spartanburg County Grand Jury indicted Phipps of murder. Phipps proceeded to trial, during which he maintained someone else had committed the crime.

Trial counsel attempted to admit evidence of a tip line recording identifying another individual (the Tip Suspect) as the killer. The state objected on hearsay grounds. After a thorough discussion, the trial court ruled the evidence inadmissible, noting the impossibility of corroborating the tipster's statement to the 9-1-1 operator. Although the call was anonymous, the person police thought was the tipster denied making the call. And, no other evidence linked the Tip Suspect to the murder.

The trial court did, however, allow Phipps to introduce evidence of other individuals the police investigated. Accordingly, trial counsel elicited testimony that the police investigated eight people other than Phipps, but only obtained DNA analysis for three of them.

The jury convicted Phipps, and he received a life sentence. After exhausting his state court remedies, Phipps filed this habeas action. Kendall then filed the motion for summary judgment.

The Magistrate Judge filed the Report on April 4, 2022. The Court received Phipps's objections on May 23, 2022, and an identical set of objections on May 27, 2022. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Phipps objects to the Magistrate Judge's determination the exclusion of the tip failed to violate his due process rights. He contends Supreme Court precedent requires the trial court to admit evidence of third-party guilt. Objections at 2–3.

"[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (internal quotation omitted). Nevertheless, "state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). "Such rules do not abridge an accused's right to present a defense so long as they are not arbitrary or disproportionate to the purposes they are designed to serve." *Id.* (internal quotation marks omitted). In other words, exclusion of evidence is unconstitutional only "where it has infringed upon a weighty interest of the accused." *Id.*

Considering the constitutional obligations explained by *Crane* and the rule set forth in *Scheffer*, the Magistrate Judge properly distinguished *Holmes v. South Carolina*, 547 U.S. 319 (2006), which Phipps argued the Magistrate Judge misapplied, from Phipp's case. In *Holmes*, the Supreme Court held the exclusionary rule at issue improperly relied on the strength of the government's case in excluding evidence of third-party guilt. *Id.* at 331. But here, the trial court's analysis rested on the unreliability of the proffered exculpatory evidence. The exclusion of the Tip Suspect is thus neither arbitrary nor disproportionate. Therefore, *Holmes* affords Phipps no relief and the Court will overrule this objection.

Finally, Phipps recites the adage that to avoid "the risk of imprisoning a[n] innocent person, we would instead free 100 guilty[.]" Objections at 3. The Court appreciates the importance of ensuring against unjust results, such as the conviction of an innocent person. Yet, it is bound by the law and the evidence in front of it in each case. Here, there is simply no sufficient legal or factual basis to afford habeas relief. Accordingly, the Court will overrule this objection, too.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment

of the Court Kendall's motion for summary judgment is **GRANTED**; and Phipps's petition is **DISMISSED WITH PREJUDICE**.

To the extent Phipps requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 14th day of July 2022, in Columbia, South Carolina.

                                        s/ Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.